UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

   Plaintiff,         Case No. 16-10262
                 HON. TERRENCE G. BERG
v.                HON. ELIZABETH A. STAFFORD

MARTHA CRAIG DAUGHTREY, et al.,

   Defendants.
_____/

**OPINION AND ORDER DISMISSING
PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Anderson Lee Fernanders, proceeding *pro se*, filed the instant lawsuit on January 26, 2016 along with an application to proceed *in forma pauperis*. (*See* Dkts. 1-2.) Plaintiff has filed several lawsuits in this District over the years – at least one of which has been dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] In this case, Plaintiff is suing the three Circuit Judges who heard his appeal of a district court judgment dismissing his employment discrimination lawsuit filed against the Michigan Department of Military and Veterans Affairs and the Michigan Youth Challenge Academy. The Court of Appeals affirmed the dismissal of Plaintiff's case, and Plaintiff now brings this lawsuit against the

---

[1] On January 9, 2015, Plaintiff filed Civil Case No. 15-10083 (assigned to the Honorable Avern Cohn) against "Jeff Wright, Genesee County, Drain Commissioner, Darnel Earle, Flint's State-appointed Emergency Manager, Dayne Walling, Mayor of The City of Flint, and Mr. and Ms./Mrs. Jane and John Doe/ Unknown (1-100)", alleging that Defendants had "poisoned" Plaintiff and all other residents of the City of Flint by providing water contaminated with toxins known as "Trihalomethanes." Judge Cohn dismissed this case *sua sponte* on January 20, 2015 under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction.

appellate judges because he believes they reached an incorrect result and therefore denied him due process.

For the reasons that follow, Plaintiff's application to proceed *in forma pauperis* will be **GRANTED**, but Plaintiff's Complaint will be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will also certify that any appeal from this decision cannot not be taken in good faith.[2] *See* 28 U.S.C. § 1915(a)(3).

## I.  ANALYSIS

**A. Plaintiff's Application to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed *in forma pauperis*, or without the prepayment of fees. Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets ... [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If an application to proceed *in forma pauperis* is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Once the complaint has been filed, it is then tested to determine whether it is frivolous or if it fails to state a claim upon which relief can be granted. *See Gibson*, 915 F.2d at 261. Here, the Court finds

---

[2] Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, (1962).

Plaintiff's financial affidavit to be facially sufficient; therefore, the Court will grant Plaintiff's motion to proceed *in forma pauperis*.

### B. Dismissal Under § 1915(e)(2)

On April 19, 2012, Plaintiff filed suit against the Michigan Department of Military and Veterans Affairs and the Michigan Youth Challenge Academy. This case, Case No. 12-11752, was assigned to the Honorable Robert H. Cleland. In that case, Plaintiff challenged his employment discharge from the Michigan Youth Challenge Academy pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5; Section 301 of the Labor Management Relations Act ("LMRA"); 18 U.S.C. § 241; and Michigan law.

After Defendants' motion for summary judgment was granted and Plaintiff's motion for reconsideration denied, Plaintiff appealed to the Sixth Circuit Court of Appeals. Plaintiff's appeal was assigned to a three-judge panel. On May 28, 2015, the panel issued its decision affirming the District Court. A mandate was then issued. Plaintiff did not seek a rehearing or reconsideration of the Circuit Court's order and did not appeal to the United States Supreme Court. Instead, on July 27, 2015, Plaintiff filed a motion to recall the mandate. That motion was denied on August 11, 2015.

On January 26, 2016, Plaintiff filed the above-captioned case against the three Circuit Judges who decided his appeal, and also filed an application to proceed *in forma pauperis*. Plaintiff's Complaint details a series of reasons why he disagrees with the Sixth Circuit's decision to affirm the District Court. (*See* Dkt. 1.)

According to Plaintiff, Defendants made a series of factual errors that led to a flawed legal conclusion.[3] (*See id.*) As a result, Plaintiff alleges that Defendants violated his right to due process as guaranteed by the 5th and 14th Amendments, breached their duty to be impartial under 18 U.S.C. § 242, and conspired to obstruct justice under 42 U.S.C. § 1985(3). (*Id.* at 2.)

Plaintiff is requesting judgment in his favor, a jury trial, nominal damages, the recall of the Sixth Circuit's mandate, reversal and remand of the May 28, 2015 Sixth Circuit order, that the trier of fact be given the chance to "consider the genuine issues of ultimate fact still existing on the record", and that Defendants be "disbarred" and all their decisions in their racial discrimination cases be reviewed. (*Id.* at 25-26.) At bottom, Plaintiff is seeking relief from the Sixth Circuit's May 28, 2015 order by filing this complaint and application to proceed *in forma pauperis* in District Court.

The Supreme Court has recognized that Congress, in enacting the federal *in forma pauperis* statute, "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). At the same

---

[3] For example, Plaintiff asserts that Defendants erred by stating that one white employee was hired after Plaintiff was fired while the record allegedly showed that "two or more white employees" were hired in the wake of Plaintiff's termination. (*See* Dkt. 1, ¶¶ 11-14.) Because of this and several other errors, Plaintiff asserts that Defendants erroneously found that he had not established a prima facie case of race discrimination. (*See id.*)

4

time, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Wiliams*, 490 U.S. 319, 324, (1989)). Responding to this concern, Congress provided § 1915(e)(2), which establishes that a court "shall dismiss the case" if it finds that:

>  (A) the allegation of poverty is untrue; or
>
>  (B) the action or appeal —
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

When a Plaintiff proceeds without the assistance of counsel, a court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a complaint must contain more than legal labels, conclusions, and a recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

Here, the Court finds that even with most liberal reading of Plaintiff's Complaint, the action is frivolous because the allegations lack an arguable basis in law or fact. *See Denton,* 504 U.S. at 33 (noting that a court may dismiss a claim if the facts are "clearly baseless," "fantastic," and "delusional"). Furthermore, Plaintiff's Complaint fails to state a claim upon which relief can be granted because this Court lacks jurisdiction to grant relief from the appellate order. *See* Fed. R. App. P. 3-12.1; *see also* 3-27 Moore's Federal Practice § 27.01 (2015). A court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3); *McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999). Finally, judicial immunity protects Defendants, all federal judges, from personal liability for exercising judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff correctly states in his Complaint that if a party disagrees with the outcome of a court's decision, that party can appeal.[4] (Dkt. 1, p. 2.) Here, Plaintiff is requesting that the Sixth Circuit's mandate be recalled, that the May 28, 2015 order be reversed, that the alleged factual errors in that order be corrected and reconsidered, and that he be given a jury trial. (*Id.* at 25-26.) This Court, however, is a lower federal court that owes obedience to higher federal courts including the Court of Appeals. *See* Fed. R. App. P. 3-12.1; *see also* 3-27 Moore's Federal Practice §

---

[4] Plaintiff states that "when an entity does not agree with a court order the answer is to appeal the order (or sue the court)." In support of this assertion, Plaintiff cites *United States v. Carroll*, 667 F.3d 742, 745 (6th Cir. 2012). In that case, however, the federal government was suing a group of bankruptcy trustees and was not seeking relief from an appellate court order or suing federal judges in their individual capacities. *See id.*

27.01 (2015); 18-134 Moore's Federal Practice § 134.02 (2015) ("the general rule is the higher court's decision binds the lower court").

Although this obedience is not blind, it is well accepted that "the district courts in a circuit owe obedience to a decision of the court of appeals in that circuit and ordinarily must follow it until the court of appeals overrules it." 18-134 Moore's Federal Practice § 134.02 (2015); *see, e.g.*, *Morgan v. Sec'y of Health & Human Servs.*, 52 F.3d 326 (6th Cir. 1995) ("once an appellate court has decided an issue, that decision is binding on lower courts and other appellate courts during further proceedings in the same action"); *In re Korean Airlines Disaster*, 829 F.2d 1171, 1173–1174 (D.C. Cir. 1987), *aff'd on other grounds sub. nom. Chan v. Korean Air Lines, Ltd.,* 490 U.S. 122 (1989) (binding precedent for district court is set by court of appeals for that circuit); *United States v. Mitlo*, 714 F.2d 294, 298 (3d Cir. 1983) (precedents set by circuit are binding on all inferior courts within circuit); Yockey v. Jeffries, No. 5:06CV1192, 2007 WL 1023195, at *5 (N.D. Ohio Mar. 30, 2007) ("rulings of a circuit court are binding on lower courts within that circuit"). If the rule were otherwise, appellate review would be ineffectual. Accordingly, this Court does not have the authority to review, reverse, or otherwise overrule the Sixth Circuit order as Plaintiff requests.[5]

---

[5] On the cover sheet submitted with his complaint, Plaintiff checked the boxes indicating that the basis of jurisdiction is "diversity" and that Defendants are all citizens of a different state. (*See* Dkt. 1). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states . . . ." 28 U.S.C. § 1332(a). While it appears from Plaintiff's Complaint that he lives in Michigan – and presumably is a citizen of that state – Plaintiff's Complaint is devoid of any facts indicating the citizenship of each Defendant. Moreover, the facts alleged do not suggest that the amount in controversy exceeds $75,000. The facts showing the existence of jurisdiction must be affirmatively alleged in Plaintiff's

7

If Plaintiff disagrees with the Sixth Circuit's order or believes that Defendants made material factual errors, he could have asked for a panel rehearing, or for the panel to reconsider the decision, within 14 days after judgment was entered.[6] Fed. R. App. P. 40(a)(1). This action would have brought to the attention of the panel any alleged errors in the facts of the case, or errors in the application of correct precedent to the facts of the case. *See* Fed. R. App. P. 40; 6 Cir. R. 40; 6 Cir. I.O.P. 40. Alternatively, Plaintiff could have sought relief by appealing to the United States Supreme Court within 90 days of the Sixth Circuit's entry of judgment against him. *See* Supreme Court Rule 13. Plaintiff has done neither, and the time to do either has passed.[7]

With respect to Plaintiff's claims of due process violations, breach of duty, and conspiracy to obstruct justice, the doctrine of judicial immunity protects the

---

Complaint. See *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, (1936); *Cincinnati Sch. Dist. v. Bd. of Educ.*, No. 04-4258, 2005 WL 6781829, at *3 (6th Cir. Oct. 17, 2005) (citing Fed. R. Civ. P. 8; *Bd. of Trustees of Painesville Twp. v. City of Painseville*, 200 F.3d 396, 398 (6th Cir. 1999); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)). Here, Plaintiff appears to be asserting claims arising under federal law. *See* 28 U.S.C. § 1331.

[6] Plaintiff also could have considered petitioning for a rehearing en banc, but the standards are rigid. *See* Fed. R. App. P. 35; *see also* 6 Cir. R. 35. A rehearing en banc "is not favored" and is ordered only when necessary to "secure or maintain the uniformity of the court's decisions" or when "the proceeding involves a question of exceptional importance." Fed. R. App. P. 35(a). The petition must state that the decision in question conflicts with a United States Supreme Court decision or with another Sixth Circuit decision, or that the proceeding presents one or more questions of significant importance such as a conflict with other United States Courts of Appeals. Fed. R. App. P. 35(b). "Alleged errors in the determination of state law or in the facts of the case (including sufficient evidence), or errors in the application of correct precedent to the facts of the case, are matters for panel rehearing but not for rehearing en banc." 6 Cir. I.O.P. 35(a). Plaintiff would have had to file any such petition within 14 days of the entry of final judgment, however. *See* Fed. R. App. P. 35(c) and 40(a)(1).

[7] Under Sixth Circuit Rule 40, a motion to extend time to file a petition for rehearing will be granted "only for the most compelling reasons." 6 Cir. R. 40(a).

Defendant federal judges from personal liability for acts undertaken in carrying out their official judicial duties. As the Supreme Court recognized as early as 1871, it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Accordingly, the Court held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Id.* at 351. The doctrine of judicial immunity exists "not for the protection or benefit of a malicious or corrupt judge" but for "the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequence." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

As the Sixth Circuit has clarified, "judicial immunity is immunity not just from the ultimate assessment of damages but is immunity from suit itself." *King v. McCree*, 573 F. App'x 430, 438 (6th Cir. 2014) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). There is an exception for "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Id.* An act is a "judicial" one if "it is a function normally performed by a judge" and whether the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. A Court must "look to the particular act's relation to a general function normally performed by a judge."[8] *Mireles*, 502 U.S. at

---

[8] The Supreme Court has offered several examples of acts that are "judicial" within the meaning of its judicial-immunity doctrine. These include: entering an order striking an attorney's name from the

9

13. Under this approach, "immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 224, 227 (1988).

Plaintiff complains of multiple acts taken by Defendants that he alleges are not judicial. In particular, Plaintiff alleges that Defendants "did not perform a judicial act":

1. "by changing the number of White employees hired after Plaintiff was terminated to 1 when the record before [Defendants] showed that 2 or more White employees hired after Plaintiff was terminated." (Dkt. 1, ¶¶ 63-65.)

2. "by holding believable Defendants-Appellants of case number 13-2613 articulated reason in light of the record containing proof that Plaintiff's supervisors did not have the authority nor was directed by an appointing authority to terminate him." (*Id.* at ¶¶ 66-68.)

3. "by holding believable Defendants-Appellants of case number 13-2613 articulated reason with the record showing that Plaintiff did not have any type of corrective action plan or any form of verbal or written discipline or just cause violation." (*Id.* at ¶¶ 69-71.)

4. "by holding that Plaintiff was not similarly situation to Wallace given the fact that the record before [Defendants] proved that both worked the same position, both were hired without prior military experience, and Wallace worked one or more positions that preferred prior military experience." (*Id.* at ¶¶ 72-74.)

Plaintiff alleges that this "bevy of none [sic] judicial acts perpetrated under color of law in the capacity as a judge in case number 13-2613" violate Plaintiff's due process rights. (*Id.* at ¶¶ 75-77.)

---

roll of attorneys entitled to practice before the bar, *Bradley*, 80 U.S. at 356–57; adjudging parties guilty when their cases are before a judge's court, *Pierson*, 386 U.S. at 553; and approving petitions relating to the affairs of minors, *Stump*, 435 U.S. at 362.

The Court finds that all of the acts identified by Plaintiff are in fact "judicial", and Defendants are therefore immune from suit under the doctrine of judicial immunity. *See Stump*, 435 U.S. at 359. In deciding whether Defendants' actions are judicial, the Court looks both to "the nature of the act itself" and "the expectations of the parties." *See id.* at 362. Here, Plaintiff voluntarily appealed to the Sixth Circuit, which had jurisdiction to hear an appeal of an order of final judgment in a case before the Eastern District of Michigan, and his claims were adjudicated by the panel of judges assigned to his case. Moreover, examining the record, making factual findings, and drawing legal conclusions from such findings are tasks at the heart of a judge's essential duties.

Plaintiff believes that the Court of Appeals decided his case incorrectly. Even if that were true, the Supreme Court has stated that a judge's "errors may be corrected on appeal" but that judicial immunity exists so that a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Pierson*, 386 U.S. at 554. The Court therefore finds that Defendants are entitled to judicial immunity.

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is **GRANTED** but Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) because this action is frivolous or malicious, this Court does not have the authority to grant the relief Plaintiff requests, and Defendants are entitled to judicial immunity.

For the same reasons that the Court dismisses this case, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court therefore certifies that any appeal from this decision could not be taken in good faith and denies Plaintiff leave to appeal this decision *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

                                                  s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

Dated: February 16, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on February 16, 2016 using the CM/ECF system, which will send notification to each party.

                                                  s/A. Chubb
                                                  Case Manager

Copy mailed to:

Anderson Lee Fernanders
5801 Marlowe Drive
Flint, MI 48504