UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

       Plaintiff,                           Case No. 16-10262
                                              HON. TERRENCE G. BERG
    v.                                       HON. ELIZABETH A. STAFFORD

MARTHA CRAIG DAUGHTREY, et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(e) (DKT. 7)**

      Plaintiff Anderson Lee Fernanders, proceeding *pro se*, filed the instant lawsuit on January 26, 2016 along with an application to proceed *in forma pauperis*. (*See* Dkts. 1-2.) This Court has a statutory duty to screen complaints from *in forma pauperis* applicants at filing to ensure that they are not frivolous or malicious, fail to state a claim for relief, or seek monetary damages from defendants immune from such relief. *See* 28 U.S.C. § 1915(e)(2). On February 16, 2016, this Court granted Plaintiff's *in forma pauperis* application but dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2) because it could not grant Plaintiff the relief he sought, and because the action was frivolous or malicious. (Dkt. 5, pp. 11-12.) Moreover, Defendants were clearly entitled to judicial immunity. (*Id.*)

      Plaintiff now seeks reconsideration of this decision under Federal Rule of Civil Procedure 59(e) and Local Rule 7(1)(h). (*Id.* at 2-3.) While Rule 59 allows for

reconsideration of a court's judgment, it does not permit parties to effectively "re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Under Rule 59(e), a court may "alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (internal quotation marks omitted)).

Here, Plaintiff's motion is not based on newly discovered evidence or an intervening change in controlling law. Instead, Plaintiff alleges that the Court made a clear error of law or, alternatively, that reconsideration is needed to prevent manifest injustice. (*See* Dkt. 7, p. 2-3.) However, because Plaintiff merely attempts to re-argue his case, his motion will be DENIED. *See Howard*, 533 F.3d at 475.

Plaintiff asserts that the Court "erred in interpreting what constitutes a judicial act for purposes of judicial immunity" and "did not apply the substantive law of spoliation evidence." (Dkt. 7, p. 2.) With respect to judicial immunity, Plaintiff states that he is suing the appellate judges that dismissed his case because he believes the panel reached an incorrect result and denied Plaintiff due process. (*Id.* at 5.) Plaintiff argues that these judges did not act with impartiality and committed "ultra vires acts" by altering certain material facts to justify their finding that Plaintiff could not establish a prima facie case of discrimination. (*Id.* at 5-8.)

2

As evidence of this assertion, Plaintiff lists the same factual and legal findings he took issue with in his complaint, now calling them "ultra vires acts". (*Id.* at 5-6.) In particular, Plaintiff asserts that the panel changed "the number of White employees hired after Plaintiff was terminated to 1" when the record "showed that 2 or more White employees" were hired. (*Id.* at 5-8.) This is, according to Plaintiff, a material fact, and the panel purposely altered this fact with a "culpable state of mind" in order to sabotage Plaintiff's case. (*See id.* at 7, 9.) Because changing material facts are "ultra vires acts that literally are not performed in any judicial capacity", and because Plaintiff expected neutrality from the panel, Plaintiff argues that Defendants are not entitled to judicial immunity. (*Id.* at 8, 13.)

Plaintiff misunderstands the concept of a judicial act for purposes of judicial immunity. Plaintiff correctly states that immunity is determined by whether the act in question is judicial. (Dkt. 7, p. 7.) As the United States Supreme Court has clarified, "the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Plaintiff argues that the acts in question are not judicial because the panel altered the facts so that Plaintiff could not establish a prima facie case of discrimination. (Dkt. 7, p. 7.)

The acts that Plaintiff characterizes as "ultra vires", however, are unquestionably judicial. "Clearly, the paradigmatic judicial act is the resolution of a

3

dispute between parties who have invoked the jurisdiction of the court." *Morrison v. Lipscomb*, 877 F.2d 463, 465 (6th Cir. 1989). As this Court explained in its dismissal order, Plaintiff may disagree with some of the panel's factual determinations and legal analysis, but the job of examining the facts, making findings, and drawing legal conclusions is what all judges do. (Dkt. 5, p. 11.) If a judge's factual or legal determinations are wrong – as they sometimes are – they can be corrected on appeal. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The acts complained of by Plaintiff clearly represent functions normally performed by judges and fall squarely within Defendants' authority.

These acts also do not amount to spoliation of evidence, an argument Plaintiff raises here for the first time. Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Forest Labs., Inc. v. Caraco Pharm. Labs., Ltd.*, 06-13143, 2009 WL 998402 at *1 (E.D. Mich. Apr. 14, 2009) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). Plaintiff does not point to a specific piece of evidence that Defendants supposedly altered, lost, or destroyed. Instead, Plaintiff alleges that Defendants made factual errors, ignored certain facts, or came to erroneous legal conclusions. (Dkt. 7, pp. 5-6.) In particular, Plaintiff states that Defendants "altered" the fact that his former employer hired "two or more" white individuals after he was fired by finding that the former employer had hired one white individual. (*Id.* at 11-12.) This may or may not be an error, possibly just a scrivener's error, but it is not spoliation.

Moreover, the parties in this case were plainly dealing with the panel in its judicial capacity – Plaintiff voluntarily appealed his case to the Court of Appeals for the Sixth Circuit, which had the authority to review a final order from a district court in the Eastern District of Michigan. By examining the record and reaching a conclusion, the panel did in this case what litigants would expect it to do. Plaintiff thus invoked the jurisdiction of the Sixth Circuit, and while he may have expected a certain result, the fact that he did not succeed has no bearing on whether an act taken by a judge is within her judicial capacity.

Plaintiff's belief that the panel must have purposely changed or ignored certain facts is absolutely without merit. As the United States Supreme Court has stated, an act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S. 219, 227-28 (1988) (citation omitted). "Against the consequences of [judges'] erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort." *Id.* For whatever reason, Plaintiff did not pursue "those remedies" – he did not ask the panel for a rehearing; he did not seek rehearing en banc; nor did he appeal the decision to the United States Supreme Court.

Instead, Plaintiff filed this complaint. Plaintiff cites no authority for the proposition that this Court may grant him the relief he seeks. As explained in this Court's dismissal order, the Sixth Circuit is a *superior court*, whose decisions establish the legal precedent that this Court must apply. (Dkt. 5, pp. 6-7.)

Accordingly, this Court has no authority to reconsider or reverse the decision of the Sixth Circuit in Plaintiff's case, disbar Defendants, recall the mandate, or order that all of the panel's previous cases involving claims of racial discrimination be reviewed. (Dkt. 1, pp. 25-26.) In short, this Court does not have the power to grant the relief Plaintiff wants - he is seeking relief in the wrong place.

The Court does not minimize Plaintiff's disappointment or dissatisfaction with the outcome of his discrimination case, but this Court cannot provide a remedy for kinds of allegations in his complaint. In brief, Plaintiff cites no basis that would justify reconsideration of the Court's previous Order. Plaintiff's motion is therefore **DENIED** and this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision cannot be made in good faith. This case remains closed.

**SO ORDERED.**

s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE

Dated: March 31, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 31, 2016 using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>Case Manager

Copy mailed to:

Anderson Lee Fernanders
5801 Marlowe Drive
Flint, MI 48504